## HOMAN et v LIGHTNER et

Ohio Appeals, 9th Dist, Wayne Co·

No 942.   Decided Oct 17, 1935

Wm. R. Thom, Canton, Urban Wernet, Canton, and Weiser & Weimer, Wooster, for plaintiffs in error.

Starn & Etling, Wooster, for defendant in error Lillian Lightner.

Hiram B. Swartz, Wooster, for defendant in error Wellington Lightner, Admr., etc.

## OPINION

By WASHBURN, J.

The principal error complained of is that the trial judge abused his discretion in overruling the motion of Harley J. Homan and said other heirs for a continuance of the cause, and in forcing the case to be tried; but there is nothing whatever in the bill of exceptions with reference to said matter. There is in the files a motion by said heirs for said continuance, and also a motion by said heirs suggesting the death of one of said heirs and naming the heirs of such deceased heir, and also a motion to have proper parties substituted for said deceased heir. The certificate of journal entries shows that said substitution motion was overruled and that said motion for a continuance was overruled, and that Lillian Lightner elected to proceed against the other defendants, but there is nothing with reference to any of these last-named matters in the bill of exceptions.

There is nothing in the bill of exceptions or in the files tending to indicate that the court abused its discretion in overruling said motion for a continuance. All there is bearing on the subject is an affidavit filed by the attorney for Lillian Lightner in opposition to the motion for a continuance, which set forth the history of the previous continuances, and especially the agreement of counsel at the time of the last continuance to try the case on the day on which it was tried. As has been said, there was no counter-affidavit, and if it is proper to consider said affidavit on the question of abuse of discretion, then it affirmatively appears that there was no abuse of discretion, and there was no error in refusing to continue the cause to enable the chief counsel for said heirs to be present.

We also find that it was not error to refuse the continuance because of the death of one of said heirs and the refusal of the court to substitute parties for such heir. Said heirs, who were made parties in obedience to §10509-136, GC, because they had filed a requisition compelling the rejection of the claim by the administrator, were nominal parties only, who simply had the right to answer and defend against the claim, and none of them had filed any answer, although on the day of trial the cause had been pending for almost ten months.

If it could be said that a right of action survived against the heir who had died, then the court had a right to proceed against the remaining parties (§11399, GC), and if the cause of action did not survive, it was such an action that the merits of the controversy could be properly determined and the principles applicable to the case fully settled as between the plaintiff and the remaining parties, and it was not error for the court to permit the plaintiff to elect to proceed against the other defendants (§11400, GC).

Finding no error in the record, the judgment is affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.